United States District Court
Southern District of Texas
**ENTERED**
March 29, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERESA PERLACIA, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-00414 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ROSS DRESS FOR LESS INC, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER
### DENYING MOTION FOR SUMMARY JUDGMENT

The motion for summary judgment by Defendant Ross Dress for Less, Inc is denied. Dkt 23.

Plaintiff Teresa Perlacia was hired in March 2016 as a retail associate at a Ross store in Houston, Texas. Dkt 23-2 at 6. One of her tasks in that capacity was to unload merchandise from delivery trucks, place it on mobile racks, and then stock the items throughout the store. Id at 7. This would at times include boxes of dinnerware sets. Id at 7–8, 13–15. Her lawsuit arises from an injury she sustained in September 2017.

Perlacia was deposed and testified that she typically moved only two to three dinnerware sets at a time. Dkt 25-1 at 9, 15. But she claims that a supervisor directed her to move five at some point during her shift, although the record isn't clear as to how quickly she was told to do this. Dkt 23-2 at 12–13, 193. In any event, Perlacia sequentially moved five dinnerware sets from a mobile rack to a lower display shelf. Id at 13. Shortly after moving all five sets, she stood up and began to feel pain in her lower back and legs. Id at 15, 27–28, 48. She apparently went that day to an emergency room, where she alleges that a doctor told her that "the nerves from her spine" were "probably damaged." Id at 16,

31–32, 40. And she alleges that her neck began hurting several days later. Id at 18. Perlacia asserts that she now suffers from "severe pain, physical impairment discomfort, mental anguish, and distress." Id at 22.

Perlacia brought claims for negligence and gross negligence against Ross in Texas state court in January 2019. Dkt 1-2. She asserts that Ross failed to provide her with assistance, to properly supervise the store and train its employees, and to maintain a safe work environment. She seeks compensatory and punitive damages. Ross removed the action and eventually moved for summary judgment after the close of discovery. See Dkt 14. That motion was terminated when Perlacia obtained leave to take two further depositions. Dkt 16. Following those depositions, Ross filed the subject motion for summary judgment. Dkt 23.

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics, Inc v Oregon Cardio-Devices, Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby, Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles, LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248. The summary-judgment stage doesn't involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether any material facts are genuinely in dispute. See *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2010), quoting *Anderson*, 477 US at 248. The case proceeds to trial if so.

Ross fails to present definitive evidence on several contested points, both large and small. For example, on the smaller end, the parties dispute the weight of dinnerware sets. Perlacia testified as to her estimate that dinnerware sets varied from twenty to twenty-five pounds—and potentially up to fifty pounds. See Dkt 25 at 1–2, 7 (citing deposition testimony). The high-end estimate seems quite unlikely, but that isn't pertinent. For it is Ross that moves here for summary judgment, and even this

relatively simple factual issue isn't established with any certainty. Indeed, its own witnesses—a district manager, a store manager, and a store supervisor—gave estimates ranging from five to fifteen pounds. See Dkt 23-2 at 225 (district manager); id at 199, 207 (store manager); id at 16, 84 (supervisor).

As another example, and of far more consequence, the parties dispute whether the store was understaffed that day, leaving Perlacia without assistance. See Dkt 23 at 20–21; Dkt 25 at 2, 6–9. Texas law provides that employers aren't liable to their employees in negligence "when sufficient help is nearby and available and the employee does the work alone without seeking or asking for assistance." *Drake v Wilson N Jones Medical Center*, 259 SW3d 386, 389 (Tex App—Dallas 2008, pet denied), quoting *Fields v Burlison Packing Co*, 405 SW2d 105, 111 (Tex Civ App—Fort Worth 1966, writ ref'd nre).

Whether the sufficient-help requirement was satisfied on the day of the injury is unclear. It appears undisputed that five associates (including Perlacia) were working at the store when she was injured. Dkt 23-1 at 192–95; Dkt 25 at 2–3; Dkt 25-3 at 3–4. But there is evidence that ten employees on average are ordinarily staffed to the typical Ross store for restocking shifts. Dkt 25 at 8–9 (citing deposition testimony). And there is at least some evidence that Perlacia was the only employee assigned on the day of the incident to the home-goods section. Id at 5 (collecting deposition citations). There is also evidence of complaints about the store being generally understaffed. Id at 2, 6, 8–9 (collecting deposition citations).

The record otherwise lacks testimony from witnesses who were in the store when Perlacia was injured. The supervisor of the store that day completed a boilerplate injury report after the incident, but she's no longer employed by Ross and wasn't deposed in this action. Dkt 23-2 at 18, 82, 192. The only deponents besides Perlacia are high-level employees who attempted to answer questions based on generalized policies and their past experiences. For instance, the store manager was deposed and agreed that the supervisor would be the person (other than Perlacia) "with the most knowledge of the incident and how it occurred." Id at 192. And so the manager's deposition

largely consists of generalizations and guesses about the incident, repeatedly referring to Perlacia's deposition and conceding "that's the only way" that she could answer the questions. Id at 193. The district manager likewise testified that she "had no knowledge" of the incident at the time it occurred and only came to find out about it a few months before she was deposed. Id at 220–21.

It is simply impossible to discern on this record whether the store was sufficiently staffed on the day of the incident. Ross asserts that it was. Perlacia musters at least some evidence that it wasn't. This is a genuine dispute of material fact that precludes summary judgment.

The motion for summary judgment by Defendant Ross Dress for Less, Inc is DENIED. Dkt 23.

SO ORDERED.

Signed on March 29, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge